

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-26-00083-CR

---

JOHN MICHAEL MONACO, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

---

On Appeal from the 86th District Court
Kaufman County, Texas[1]
Trial Court No. 17-50982-86-F, Honorable Casey Blair, Presiding

---

July 21, 2026

MEMORANDUM OPINION

Before PARKER, C.J., and YARBROUGH and PRATT, JJ.

Appellant, John Michael Monaco, appeals from the trial court's judgment adjudicating him guilty[2] of possession of a controlled substance in a correctional facility,[3]

---

[1] This cause was originally filed in the Fifth Court of Appeals. It was transferred to this Court by a docket-equalization order of the Supreme Court of Texas. *See* TEX. GOV'T CODE § 73.001.

[2] Subject to a plea agreement, Appellant's adjudication was deferred, and he was placed on community supervision for a period of three years on June 4, 2020. The terms of his community supervision were twice modified and extended resulting in his community supervision period expiring on June 3, 2025. However, on August 8, 2024, the State filed a motion to adjudicate Appellant's guilt alleging multiple violations of the terms of his community supervision.

[3] *See* TEX. PENAL CODE § 38.11(a)(1).

and sentence of three years' incarceration, $1,000 fine, $180 restitution award, and $382 in court costs.  Appellant's court-appointed appellate counsel has filed a motion to withdraw supported by an *Anders*[4] brief.  We grant counsel's motion and affirm the judgment of the trial court.

In support of his motion to withdraw, counsel has certified that he has conducted a conscientious examination of the record and, in his opinion, the record reflects no reversible error upon which an appeal can be predicated.  *Id*. at 744; *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008).  In compliance with *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978), counsel has discussed why, under the controlling authorities, the record presents no reversible error.  In a letter to Appellant, counsel notified him of the motion to withdraw; provided him with the motion, *Anders* brief, and a copy of the appellate record; and informed him of his right to file a pro se response. *See Kelly v. State*, 436 S.W.3d 313, 319–20 (Tex. Crim. App. 2014) (specifying appointed counsel's obligations on the filing of a motion to withdraw supported by an *Anders* brief). By letter, this Court also advised Appellant of his right to file a pro se response to counsel's *Anders* brief.  Appellant has not filed a response.  The State has not filed a brief.

By his *Anders* brief, counsel discusses areas in the record where reversible error may have occurred but concludes that the appeal is frivolous.  We have independently examined the record to determine whether there are any non-frivolous issues that were preserved in the trial court which might support an appeal, but we have found no such

---

[4] *See Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967).

issues. *See Penson v. Ohio*, 488 U.S. 75, 80, 109 S. Ct. 346, 102 L. Ed. 2d 300 (1988); *In re Schulman*, 252 S.W.3d at 409; *Gainous v. State*, 436 S.W.2d 137, 138 (Tex. Crim. App. 1969). Following our careful review of the appellate record and counsel's brief, we conclude that there are no grounds for appellate review that would result in reversal of Appellant's conviction or sentence.

Accordingly, we grant counsel's motion to withdraw and affirm the trial court's judgment.[5]

Judy C. Parker
Chief Justice

Do not publish.

---

[5] Counsel shall, within five days after the opinion is handed down, send Appellant a copy of the opinion and judgment, along with notification of Appellant's right to file a pro se petition for discretionary review. *See* TEX. R. APP. P. 48.4. This duty is an informational one, not a representational one. It is ministerial in nature, does not involve legal advice, and exists after the court of appeals has granted counsel's motion to withdraw. *In re Schulman*, 252 S.W.3d at 411 n.33.